## CEDAR HILL ORCHARD AND NURSERY COMPANY, Appellant, v. HEINEY, Respondent.

St. Louis Court of Appeals, April 12, 1904.

1. **JUSTICES OF THE PEACE:** Counterclaim: First Filed in Circuit Court. A defendant in a case appealed from a justice's court, can not avail himself of a counterclaim in the circuit court, which he did not file before the justice, if objection is made in the circuit court.

2. **APPELLATE PRACTICE:** Error: Motion For New Trial. The appellate court can not consider an alleged error in permitting a counterclaim to be filed in the circuit court, where none had been filed in the justice court from which the case was appealed, unless the attention of the trial court was called to it by motion for new trial, and exception duly saved.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Orr & Luster* for appellant.

GOODE, J.—No bill of exceptions was brought to this court by the appellant, but he insists on a reversal of the judgment for an error appearing on the face of the record. The case is an attachment action that was instituted before a justice of the peace, whence it was appealed to the circuit court. The error consists, as alleged, in the fact that the respondent was permitted to proffer an oral counterclaim for the first time in the circuit court. There is not a word in the record proper in regard to a counterclaim, nor any entry from which the conclusion can be drawn that one was presented in the circuit court, except that the jury found affirmative damages in favor of the respondent. The verdict reads as follows:

"We the jury, find for the defendant one hundred and thirty-seven and a half dollars ($137 1-2) damages, $63 to be deducted from this. Balance for defendant, $74.50.                                    "A. T. WHITTEN,
                                                    "Foreman."

Judgment was entered in accordance with this verdict. A defendant, in a case appealed from a justice's court, can not avail himself of a counterclaim in the circuit court which he did not file before the justice, if objection is made to its assertion in the circuit court; but we are in the dark as to whether the verdict was rendered on a counterclaim, or for some other reason. It may have been by consent. The point made here was matter of exception below and some showing as to the facts is necessary to enable us to pass on it. We have no exceptions before us, and nothing to show the attention of the court was called to the alleged error by motion for new trial. The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.